PHILLIP A. TALBERT
Acting United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:15-MC-00023-KJM-CKD |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $305,120.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On or about July 7, 2014, officers with the Nevada County Sheriff's Office ("NCSO") seized Approximately $305,120.00 in U.S. Currency (hereafter the "defendant currency").  The Drug Enforcement Administration ("DEA") adopted the seizure for federal forfeiture on August 20, 2014.

2. The DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about December 18, 2014, the DEA received a claim from David P. Braut ("claimant" or "Braut") asserting an ownership interest in the defendant currency.

3. Claimant does not dispute the United States' representation that it could show at a forfeiture trial the following: On July 7, 2014, the NCSO Major Crimes Unit assisted with a homicide investigation at 10432 Good Enough Court in Penn Valley, California.  The decedent was lying on the ground outside a greenhouse that contained marijuana plants.  When detectives contacted the property

owner, Braut, they entered the residence and could smell a strong odor of marijuana emanating from inside the residence. Detectives also noticed numerous shell casings located around the garden area. Detectives continued their interview with Braut at the Nevada County Sheriff's Office.

4. Claimant does not dispute the United States' representation that it could show at a forfeiture trial that during the interview Braut disclosed that some of his marijuana had recently been stolen from his residence, requiring him to hire a marijuana caretaker. Detectives advised Braut that they would be serving a search warrant at his residence. Braut gave consent to the detectives to search his vehicle. Braut told the detectives there was a small amount of marijuana and a bag containing cash inside the vehicle that he did not want to leave in his residence. The detectives found $300,120.00 in cash inside a black suitcase and $5,000 in cash inside a teal suitcase inside the trunk of the vehicle. The cash was in bundles wrapped in carbon paper. Braut acknowledged that some of the cash was from marijuana sales and some was from his glass blowing business.

5. Claimant does not dispute the United States' representation that it could show at a forfeiture trial that during the execution of the state search warrant at Braut's property, officers found four separate outdoor marijuana gardens with a total of approximately 106 female marijuana plants and 65.5 pounds of processed marijuana, including stems. Braut has since pleaded guilty in Nevada County Superior Court to maintaining a place for production or consumption of drugs, in violation of California Health & Safety Code § 11366.

6. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

7. Without admitting the truth of the factual assertions contained above, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency. David P. Braut acknowledged that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimants shall hold harmless and indemnify the United States, as set forth below.
/////

8.  This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

9.  This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

10. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1.  The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2.  Upon entry of the Consent Judgment of Forfeiture, $205,120.00 of the Approximately $305,120.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3.  Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $100,000.00 of the Approximately $305,120.00 in U.S. Currency shall be returned to claimant David P. Braut through his attorney Stephen A. Munkelt.

4.  The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Claimants waived the provisions of California Civil Code § 1542.

5.  No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6.  All parties will bear their own costs and attorney's fees.

/////

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED

DATED: February 6, 2017

_____
UNITED STATES DISTRICT JUDGE

Consent Judgment of Forfeiture